Taliaferro, J.
It was seen by the statement of facts in the decree in the case of Annie Alexander and husband v. J. G-. Felton, .et al., H. Tully & Co., and Silbernagel, Starnsey & Co., intervenors, just read, that Silbernagel, Starnsey & Co., intervenors in that case, released under bond in the sum of $1300, the estimated value of one-third of the crop of cotton and corn, the product of the crop of the year 1867, on the Wells plantation, the entire crop being under sequestration at the suit of plaintiff against Felton and others, lessees.
In this case, the plaintiff brings suit against Silbernagel, Starnsey & Co., on the aforesaid bond of release..
The defendants excepted mainly on the ground that the bond sued upon is null and void because it was not executed in conformity with law, and there being no law authorizing intervenors to execute bonds for the release of property sequestered, the plaintiff can not recover on the bond sued upon. The exception was referred to the merits. Defendants subsequently filed their answer, setting up various grounds of defense.
The plaintiff had judgment for .$1090, with interest, and the defendants have appealed.
It becomes unnecessary from the decision to be rendered in this case *558 to examine the bills of exception found in the record. The exception to the validity of the bond must be sustained. It seems settled by our jurisprudence that where no law authorizes the execution of a judicial bond no force can be given to it. The order of the judge authorizing the intervenors in this case to release property under sequestration by executing a bond, gives no validity to the bond because there is no law authorizing intervenors to release property under sequestration by furnishing bond. In the case of Danson v. Morton & Williamson, 22 An. 535, where an intervenor had given bond to release an attachment (and the same principle applies to sequestration), this court said: “Without a law authorizing the release of property under attachment, on the bond of an intervenor, it can not fairly be said, that such a bond is a judicial bond, which must be construed with reference to the law in pursuance of which it was given.” See case of Benham and others v. Collins, sheriff, et al. 23 An. 222, and cases there cited.
It is therefore ordered that the judgment appealed from be annulled, avoided and reversed. It is further ordered that this case be dismissed at plaintiff’s costs.